**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **H.A.**

**No. 22-0385** (Ohio County 21-JA-104)

**MEMORANDUM DECISION**

Petitioner Father J.C.[1] appeals the Circuit Court of Ohio County's April 19, 2022, order terminating his parental rights to H.A.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August of 2021, the DHHR filed an amended child abuse and neglect petition that alleged the mother of H.A. and her boyfriend recently moved to West Virginia from Pennsylvania where that state's Children and Youth Services division was investigating them for child abuse and neglect resulting from their domestic violence and substance abuse. The DHHR alleged that petitioner "had little to no involvement" with H.A., did not support the child financially or emotionally, and had abandoned H.A. The DHHR determined that petitioner pled guilty to three counts of burglary in 2016, received an indeterminate one-to-fifteen-year sentence in the penitentiary, and was granted parole in 2018. However, petitioner violated his parole and was reincarcerated in August of 2021 and remained incarcerated throughout these proceedings. In October of 2021, petitioner stipulated to the allegations in the petition, and the circuit court adjudicated him as an abusing parent.

In March of 2022, the circuit court held the final dispositional hearing and heard testimony from petitioner, the mother, and a DHHR worker regarding petitioner's previously filed motion for a post-adjudicatory improvement period and the DHHR's motion to terminate

---

[1]Petitioner appears by counsel John M. Jurco. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Joseph J. Moses appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

petitioner's parental rights. Petitioner admitted that he abused methamphetamine and prescription drugs while on parole in 2019 and that he had introduced the mother to methamphetamine while she was caring for her children, including H.A. Due to his illicit and prescription drug abuse, petitioner was sanctioned multiple times for parole violations. The evidence showed that petitioner had some contact with the mother and H.A. prior to a sanction in 2019 and had limited contact with the mother thereafter. Although it is unclear when petitioner was released back on parole, he admitted that he was sanctioned and ordered to participate in a twelve-month substance abuse treatment program, which he failed to complete due to a violation of the terms of that program. The evidence further showed petitioner's parole had been revoked in August of 2021, and he was "recently denied" parole as of the March 2022 hearing. Petitioner testified that he would discharge his sentence in November 2024. The mother testified that petitioner did not financially support H.A.; did not provide any daily care for H.A., such as feeding or changing the child when he was an infant; and did not emotionally support H.A.

Ultimately, the circuit court found that petitioner failed to demonstrate that he was likely to fully participate in an improvement period and denied his motion. The court found that petitioner habitually abused controlled substances to the extent that his parenting skills had been seriously impaired. It further found that petitioner's continued use of controlled substances led to his parole sanctions and incarcerations, which had prevented him from parenting H.A. The court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the child's welfare to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights to H.A. by its April 19, 2022, order. Petitioner now appeals that order.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating his parental rights because the DHHR failed to prove that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. In petitioner's view, "it was just a matter of time" before he was released from incarceration and the conditions of abuse and neglect were remedied. Petitioner ignores that the circuit court's termination of his parental rights was based on his continued incarceration as well as his habitual substance abuse that seriously impaired his parenting of H.A.[4] *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings); s*ee also* W. Va. Code § 49-4-604(d)(1) (providing that there is no reasonable likelihood that the conditions of neglect and

---

[3]According to the parties, the mother is participating in an improvement period and retains her parental rights. The permanency plan for H.A. is reunification with the mother with a concurrent plan of adoption in his current foster placement.

[4]This Court discussed factors to be considered when incarceration is the sole issue raised at disposition in syllabus point 3 of *In re Cecil T.,* 228 W. Va. 89, 717 S.E.2d 873 (2011). Given that the circuit court considered more than petitioner's incarceration at disposition, *Cecil T.* is inapplicable to the facts of this case.

abuse can be substantially corrected when the parent has "habitually abused . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired" and the person has not followed through with proper treatment). The circuit court's finding is fully supported by evidence that petitioner abused controlled substances despite the terms of his parole and despite his brief participation in a substance abuse treatment facility.

Petitioner further argues that because the mother was participating in an improvement period and H.A. could achieve permanency in the mother's custody, termination of his parental rights was not necessary. However, we have previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). In this instance, where petitioner abandoned the child, failed to pay any child support, continued to abuse controlled substances, and resisted treatment for his addictions, we find the circumstances warrant the termination of his parental rights, regardless of the mother's success in her improvement period. Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights to the child. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 26, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3